UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN RE:

Chapter 11

Case No: 12-13992-jmp

624 EAST 222ND STREET

Debtor – in - Possession,

-----------------------------------------------------------X

**LOCAL RULE 1007
AFFIDAVIT**

STATE OF NEW YORK )
COUNTY OF NEW YORK ) ss.:

Deanne Rodney, being duly sworn, deposes and states:

1. I make this affidavit as Managing Member of the Debtor pursuant to Rule 1007 of the Local Rule of the U.S. Bankruptcy Court for the Southern District of New York and in support of its position under Chapter 11 of the Bankruptcy Code.

2. This case was not originally commenced under Chapter 7; thus, no trustee has been appointed. There is no prior bankruptcy case now or previously pending in respect of the Debtor,

3. The Debtor operates a residential rental building at 624 East 222nd Street. The filing of this Chapter 11 was necessitated in large part by the fact that the Debtor's Secured Creditor was about to conducted a foreclosure sale against it in the matter of Allerton Fund II, LLC., vs. 624 East 222nd Street. The Secured Creditor has asked the Supreme Court, Bronx County to foreclosure the Debtor's Mortgage based upon non – payment of the Mortgage payments. Obviously the loss of its premises would terminate the Debtor's business. By Order of the Supreme Court one Dominick Calderoni was appointed as Receiver on February 11, 2010. The filing of this proceeding was to achieve an Automatic Stay of such proceedings and permit the Debtor to have the Order Appointing as Receiver vacate and the funds due it by its Tenant paid over to it.

1

4. No action or proceeding is pending or threatened against the Debtor where a Judgment against the Debtor or a seizure of its property may be imminent other than as set forth in item 3., above. The filing of this proceeding was to achieve an automatic stay of such proceedings and permit the Debtor to have the Order Appointing a Receiver vacated and the funds due it by its Tenants paid over to it.

5. Upon information and belief, the location of the Debtor's books and records is the office of Receiver Dominick Calderoni, 1614 Williamsbridge Rd., Bronx, New York 10461.

6. The Debtor desires to obtain the ability to continue the operation of its business as a debtor –in-possession pursuant to the provisions of Code Sections 1107 and 1108.

7. The names and address of the known creditors are listed in and attached to the schedules heretofore filed.

8. Attached to the Petition is list of the holders of the 20 largest unsecured claims, including their names, addresses, telephone numbers, person familiar with the accounts, if any, the amount of the claims and an indication of whether the claims are contingent, un-liquidated, disputed, or partially secured.

9. There is a secured claim held by New York Community Bank

10. A summary of Debtor 's estimated assets and liabilities follows:
    1. Assets: $3,100,000.00 – 3,500,000.00
    2. Liabilities: $$2,500,000.00

2

\* Estimated

11. There are no publicly held shares of stock, debentures or other securities.

12. None of the Debtor's property is in the possession or custody of any custodian, public officer, mortgagee, and pledges, assignee of rents, or secured creditor or agent for any such entity, except as set forth in paragraph "3" above.

13. The Debtor occupies the following business premise: 624 East 222nd Street, Bronx, New York.

14. The Debtor's senior management is as follows:

Deanne Rodney - Managing Member

Responsibilities include the day-to-day operation of the Debtor.

15. The estimated amount of the monthly gross payroll to employees exclusive of officers and directors for the 30 day period following the filing of the Chapter 11 Petition is approximately 0.00. No payments to any consulted to any consultants are contemplated during the next thirty days. The estimated amount of the monthly compensation to the officers of the Debtor for the next 30 day period is 0.00.

16. The estimated amount of the monthly expenses for operating expense is $12,000.00 - $ 13,000.00, inclusive of rent and payroll.

17. For the 30-day period following the filing of the Chapter 11 Petition, it is estimated that the cash receipts will total approximately $2,500.00

DEANNE RODNEY

Sworn to before me on this

20, day of December, 2012

NOTARY PUBLIC

BARBARA BAUMGARTEN
Notary Public, State of New York
No. 11 4821145
Qualified in Nassau County
Commission Expires Nov. 30, 20

3