HEARING DATE: July 11, 2013
HEARING TIME: 10:00 A.M.

Neil R. Flaum
Flaum & Associates, P.C.
Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 509- 7400- Telephone No.;/ (212)509-0740 – Fax No.:
**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x
In re:

624 East 222nd Street, LLC.

                Debtor,
------------------------------------------------------x

Chapter 11
Case No. 12-13992-jmp

## DEBTOR'S MOTION FOR AN ORDER, PURSUANT TO 11 U.S.C. §§105(a) AND 363(b), (f) AND (m) AND FED. R. BANKR. P. 6004, AUTHORIZING AND APPROVING PRIVATE SALE OF DEBTOR'S REAL PROPERTY LOCATED AT 624 EAST 222nd STREET, LLC, BRONX, NEW YORK, FREE AND CLEAR OF ALL LIENS, ENCUMBRANCES AND INTERESTS, TO STEVEN FINKELSTEIN AND GRANTING RELATED RELIEF

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

      **624 East 222nd Street, LLC.**, Bronx, New York 10466, the debtor and debtor-in-possession herein (the "Debtor"), by and through its undersigned counsel, as and for its motion (the "Motion") for an Order, pursuant to §§105(a) and 363(b), (f) and (m) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), authorizing and approving the Debtor's proposed sale of certain real property located at **624 East 222nd Street, LLC.**, Bronx, New York 10466 (the "Property"), free and clear of all liens, encumbrances and interest, to Steven Finkelstein (the "Purchaser"), pursuant to the terms of a certain Contract of Sale dated as of June 26, 2013, a copy of which is attached hereto as *Exhibit "A"* (the "Contract"), respectfully represents and alleges:

## BACKGROUND

1. On September 21, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with this Court and an Order for Relief was simultaneously entered. The State Court Receiver, Dominick K. Calderoni continues to manage its property and affairs as a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

2. The Debtor is the fee owner of the real property: known as **624 East 222nd Street, LLC.**, Bronx, New York 10466, on which a residential multiple dwelling building located (the "Property").

3. The Property is **encumbered by, at a minimum: (a) a first** mortgage held by Allerton II Fund, LLC., securing an indebtedness believed to presently total approximately $3,000,000.00 (the "Allerton Bank Mortgage"); and (b) a statutory lien held by the New York City Dept. of Finance on account of unpaid real estate taxes believed to presently total approximately $2,300,000 (the "Tax Charges").

4. Prior to and following the Petition Date, the Debtor and its professionals made efforts to market the Property for sale to potential purchasers. In May, 2013, the Debtor and its counsel were approached by the Purchaser (who is an individual having no prior relationship to any Party in interest herein). Extensive negotiations concerning a sale of the Property ensued. On or about June 26, 2013, the Debtor and the Purchaser executed the Contract of Sale A true copy of which is annexed hereto as Exhibit "A".

5. Without limiting the detail provided therein, the material terms of the Contract of Sale can be summarized as follows:

    (a) In exchange for the Debtor's conveyance of its interests in the Emmons

Avenue Property free and clear of all liens and encumbrances, the Purchaser will provide consideration totaling not less than $3,800,000.00 in cash.

(b)  The proposed sale is not subject to any mortgage contingency;

(c)  The proposed sale is not subject to any conditions other than good and marketable title and the approval of the Contract of Sale by this Court;

(d)  The property is being sold "As Is";

(e)  The Purchaser has remitted a good faith deposit in the amount of $175,000.00 which is currently being held in escrow by the Debtor's Rea Estate counsel Easton and Van Winkell, P..C and will be applied to the amounts payable at closing; and

(f)  Subject to court approval, an agreed upon broker's fee of $190,000.00 will be paid to in connection with the sale.

6.  As has been represented to this Court by the Debtor the value of the Property is approximately $3.5 – 3.6 million. Thus, the Purchaser's offer for the Property represents the fair market value of the Property and is appropriate under the circumstances. Specifically, the Debtor believes that the net proceeds of the proposed sale to the Purchaser, will be sufficient to fund a 100% recovery by creditors of the Debtor.

7.  The Purchaser has no affiliation with the Debtor or any insider of the Debtor. Other than the parties to the Contract of Sale, no other individuals or entities stand to benefit from the proposed sale. There is no prejudicial connection or affiliation between the Debtor and the Purchaser and the proposed sale was fully and adequately negotiated with the assistance of independent counsel. Thus, the Debtor avers that the proposed private sale of the Property to the Purchaser is at arms-length.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction over this case and the Motion pursuant to 28 U.S.C. §§157 and 1334 and the "Standing Order of Referral of Cases to Bankruptcy Court Judges", dated July 10, 1984 (Ward, Acting C.J.). Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief sought herein are §§105(a) and 363(b), (f) and (m) of the Bankruptcy Code and Bankruptcy Rule 6004.

## RELIEF REQUESTED

9.  By this Motion, the Debtor seeks this Court's authorization and approval of its proposed sale of the Property to the Purchaser upon the terms of the Contract of Sale. Section 363(b)(1) of the Bankruptcy Code governs a debtor-in-possession's ability to use, sell or lease property of the estate other than in the ordinary course of business and provides, in pertinent part:

> The [debtor-in-possession], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

In order to approve the sale of estate property outside of the ordinary course of business, the bankruptcy judge must "find from the evidence presented before him at the hearing a good reason to grant such an application." Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.), 722 F. 2d 1063, 1071 (2d Cir. 1983); see also Stephens Indus. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986) ("[B]ankruptcy court can authorize a sale of all of a Chapter 11 debtor's assets under §363(b)(1) when a sound business purpose dictates such action."). "[T]he standards for allowance of a pre-confirmation sale pursuant to §363(b)(1) are that the sale

4

proponent must show not only that there is both a 'sound business purpose' why the sale should be allowed to take place outside of the ordinary course of Subchapter II of Chapter 11. . .but that the proponent must also make a strong showing that all of the requirements for any §363(b)(1) sale are met." In re Industrial Valley Refrigeration and Air Conditioning Supplies, Inc., 77 B.R. 15, 21 (Bankr. E.D. Pa. 1987) (citations omitted). "These elements are the provision of accurate and reasonable notice; a showing that the price to be paid is adequate, *i.e.*, fair and reasonable; and establishing that 'good faith', *i.e.*, the absence of any lucrative deals with insiders, is present." Id. It is clear that a trustee's showing of a sound business justification need not be unduly exhaustive but, rather, a trustee is "simply required to justify the proposed disposition with sound business reason." In re Baldwin United Corp., 43 B.R. 888, 906 (Bankr. S.D.Ohio 1984).

10. The Debtor respectfully submits that the proposed sale of the Property under the terms of the Contract of Sale represents a sound exercise of business judgment by the Debtor and that consummation thereof would be in the best interests of the estate. As discussed above, for many months both prior to and after the Petition Date, the Debtor has been actively soliciting offers for the Property. The Debtor believes that the amounts proposed to be paid under the Contract of Sale represent the reasonable value of the Property under the circumstances, including the current depressed state of the real estate market, the physical condition of the building, the existence of foreclosure proceedings regarding the Property, the substantial mortgages and liens asserted against the Property and the continuing accrual of interest and other charges relating to said mortgages and liens.

11. Additionally, the Debtor respectfully submits that its proposed sale of the Property to the Purchaser subject to higher and better offers is appropriate. As discussed above, the Debtor believes that the proposed sale comports with the requirements of §363(b) and would ultimately generate funds sufficient to fund a 100% recovery by creditors of the Debtor. As such, there would be no potential benefit to the estate resulting from soliciting higher or better offers for the Property or by offering the Emmons Avenue Property for sale at auction. Accordingly, the Debtor submits that the proposed private sale of the Emmons Avenue Property is appropriate, is in the best interests of the estate and is based in the exercise of sound business judgment. Thus, the Debtor respectfully requests that the Court approve the proposed private sale of the Emmons Avenue Property to the Purchaser pursuant to the Contract of Sale.

12. With regard to any encumbrances against property proposed to be sold by a debtor, §363(f) of the Bankruptcy Code provides:

The [debtor-in-possession] may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if -

(1) applicable nonbankruptcy law permits sale of such property free and clear of
such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

6

13.    The Debtor respectfully submits that the requirements of §363(f) are or will be satisfied as of the date that the sale is presented for approval. Pursuant to the Contract of Sale, the Purchaser will satisfy the Allerton mortgage at closing. The Purchaser has further agreed to satisfy the New York City Department of Finance liens at the Closing. To the extent that the foregoing or any other liens that may exist against the Property that survive the closing, said liens shall attach to the proceeds of the proposed sale.

14.    Moreover, the Debtor requests that this Court find that the Purchaser be afforded the protections provided by §363(m) of the Bankruptcy Code in connection with the proposed sale which provides, in pertinent part:

> The reversal or modification on appeal of an authorization under subsection (b)...of this section of a sale...of property does not affect the validity of a sale...under such authorization to an entity that purchased...such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale...were stayed pending appeal.

Although the Bankruptcy Code does not define "good faith purchaser," the Court of Appeals for the Second Circuit has stated that good faith is shown by the integrity of a purchaser's conduct during the course of the sale proceedings. Licensing by Paolo v. Sinatra (In re Gucci), 126 F.3d 380, 390 (2d Cir. 1997). Respectfully, and as required by §363(m) of the Bankruptcy Code, the Debtor and the Purchaser have acted in good faith in negotiating the proposed sale.

15.    The Debtor is also asking this Court to direct Nowax Associates, P.C., the Receiver's Managing Agent, to cooperate with the Purchaser and provide and all documentation and information Relevant to the property upon reasonable notice.

## CONCLUSION

16. Based upon the foregoing, it is respectfully requested that the Motion be granted in its entirety and that the Debtor be granted such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      June 27, 2013

                            Flaum & Associates, P.C.
                            Counsel to the Debtor

                            BY:/s/ **Neil R. Flaum**
                            Neil R. Flaum (nrf5028)
                            369 Lexington Avenue, 12th Floor
                            New York, New York 10017
                            (212) 509- 7400- Telephone No.;/
                            (212)509-0740 – Fax No.:

**TO:**
ALL PARTIES
IN INTEREST AS
APPEAR ON ANNXED
SERVICE LIST