**THE LIGA LAW GROUP, P.C.**
**Salvatore J. Liga, Esq.**
777 Westchester Avenue, Suite 101
White Plains, New York 10604
(877) 725-5442
(917) 591-8818 Fax
*Proposed Attorneys for the Debtor*

\*\*\* AMENDED \*\*\*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

In re:

**624 East 222nd Street, LLC**

                         Debtor.
------------------------------------------------------------x

Chapter 11

Case No: 12-13992

# DEBTOR'S OBJECTION TO THE THIRD AMENDED DISCLOSURE STATEMENT DESCRIBING PLAN AND LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE PROPOSED BY ALLERTON FUND II LLC

TO:    THE HONORABLE ROBERT E. GROSSMAN,
        UNITED STATES BANKRUPTCY JUDGE:

      The Debtor, **624 East 222nd Street, LLC**, by its attorneys **THE LIGA LAW GROUP, P.C.** hereby submits this objection to the *Fourth Amended Disclosure Statement Describing the Plan of Liquidation Under Chapter 11 of the Bankruptcy Code Proposed by Allerton Fund II LLC* (the "Disclosure Statement") filed by **ALLERTON FUND II LLC** ("Allerton"), secured creditor to **624 East 222nd Street, LLC** (the "Debtor"). In further support thereof, the Debtor respectfully represents:

      1. The *Disclosure Statement* does not provide for any form of competitive bidding, thus assuming that the subject property is not readily able to be sold or desirable to investors. Nothing could be further from the truth. The subject property is extremely desirable to investors in this economy and in fact, the Debtor has had several serious investors who have offered more that what is currently being offered in the Plan is offering.

2. All the Debtor has ever wanted, since it filed bankruptcy, was to sell the building to the highest bidder. For reasons unknown, Debtor's Attorney has been unable or willing to put forth this very simple Plan. Based upon interviews with the Managing Agent of the Debtor, DEANNE RODNEY, the Debtors has been continuously bullied into selling the subject property to the ALLERTON, the secured creditor. Whenever a payoff figure was requested, ALLERTON allegedly responded by wanting to negotiate a price to purchase the building. This is supported by the "history" of the case as described in the *Disclosure Statement*.

3. Based upon interviews with the Managing Agent of the Debtor, DEANNE RODNEY, getting a simple payoff letter from has been nearly impossible. Furthermore, DEANNE. RODNEY believes these figures need and should be verified and checked. This has made seeking bone fide offers from third parties close to impossible.

4. The Debtor further believes that cash flow and incoming funds as a result of the ALLERTON's insertion of a receiver to manage the property and collect the rents, has wasted assets. Specifically, there has been more than $7,000 per month going to management fees in addition to operating expenses and salaries.

5. Based upon interviews with the Managing Agent of the Debtor, DEANNE RODNEY, the Debtor does not believe it has been adequately protected and/or represented by it current attorneys.

6. STEPHEN FINKELSTEIN ("Finkelstein") and his attorneys have met with the Debtor, and they have successfully negotiated a sale for FOUR MILLION DOLLARS ($4,000,000.00 USD). This is a cash offer. FINKELSTEIN is ready, willing and able to execute immediately with the Court's permission. Title work is complete. The only thing that is needed is a payoff figure.

7. The Debtors want to accept FINKELSTEIN's offer, and they are willing to pay all claims 100%.

8. FINKELSTEIN is a well known and well established Bronx landlord which currently owns and manages over 40 large multi-family buildings in the Bronx. His experience and reputation for being a good landlord is well documented.

9.  ALLERTON states in the *Disclosure Statement* that as of February 27, 2014 that it was owed $3,425,861.00, yet in the Notice of Claim filed 03/14/2014 it states the amount owed is $2,832,140.00.  *WHICH IS IT?*  That's been the problem – we really don't know what is owed to ALLERTON.

10. The Debtor wants to change attorneys and either negotiate a settlement with ALLERTON to pay them off, or put forth a PLAN to sell the building to FINKELSTEIN for $4,000,000 while agreeing to pay all other claims 100%.

DATED:      July 8, 2014
            New York, New York

                                        Respectfully submitted,

                                        */s/ SALVATORE J. LIGA, ESQ.*
                                        SALVATORE J. LIGA, ESQ.