# Sale and Bid Procedures

Set forth below are the bid procedures (the "**Bidding Procedures**") to be employed in connection with the sale of Real Property located at 624 East 222nd Street, Bronx, New York (the "**Real Property**") owned by 624 East 222nd Street, LLC (the "**Debtor**") pursuant to the Fourth Amended Disclosure Statement and Fourth Amended Plan proposed by Allerton Fund II LLC in the Debtor's chapter 11 case pending in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), case number 12-13992(rg) (the "**Bankruptcy Case**").

The Real Property shall be sold to Allerton Fund II LLC ("**Allerton**" or "**Stalking Horse Credit Bidder**"), the Debtor's secured creditor, for a purchase price totaling $3,910,000.00 which consists of a credit bid of a portion of its claim in the amount of $3,585,000.00 and cash in the amount of $325,000.00 .[1]  The Sale to Allerton is subject to (i) approval by the Bankruptcy Court; (ii) entry of an order, providing, *inter alia,* that Allerton is a good faith purchaser; and (iii) providing that the sale of the Real Property to Allerton shall be free and clear of all liens, claims, encumbrances and interests; (the "**Stalking Horse Offer**"). The Stalking Horse Offer is subject to competitive bidding as set forth herein.

**The Bidding Procedures.**

1. **Proposed Credit Bid Sale Subject to Higher and Better Offers**. The sale of the Real Property and the Stalking Horse Offer is subject to higher and better offers, and, as such, the Stalking Horse Credit Bidder will serve as the "stalking-horse" bid for the Real Property.

2. **Provisions Governing Qualifications of Bidders**. In order to participate in the Bidding Process, prior to the Bid Deadline (defined below), to be deemed a Qualified Bidder[2] a potential bidder ("**Potential Bidder**") must deliver the following to the Notice Parties (as defined below):

(i)  a written disclosure of the identity of each entity that will be bidding for the Real Property or otherwise participating in connection with such bid;

(ii) deliver documents necessary to reasonably permit Allerton, the Debtor and the Court, if necessary, to determine that the Potential Bidder is reasonably likely to submit a *bona fide* offer and to be able to financially and legally consummate a sale if selected as a Successful Bidder.

3. **Provisions Governing Qualified Bids**. A bid submitted will be considered a Qualified Bid only if the bid is submitted by a Qualified Bidder and complies with all of the following (a "**Qualified Bid**"):

---

[1] Allerton's right to credit bid is specifically preserved by the Plan and Allerton specifically preserves the right to bid at the Auction, if any, and to credit bid up to the full amount of its claim.

[2] Allerton is deemed to be a Qualified Bidder and its Stalking Horse Credit Bid deemed a Qualified Bid and is not required to comply with this provision and may increase its credit bid up to the maximum allowable amount of Allerton's claim at the Auction pursuant to 11 U.S.C.§363(k).

(i)  it is accompanied by a signed copy of these Bidding Procedures;

(ii) it states that the applicable Qualified Bidder offers to purchase the Real Property upon the terms and conditions that are no less favorable to the Debtor than those set forth in the Proposed Credit Bid Sale;

(iii) it includes a signed writing that the bidder's offer is irrevocable until the selection of the Successful Bidder, provided that if such bidder is selected as the Successful Bidder its offer shall remain irrevocable until the earlier of (i) the closing of the Sale to the Successful Bidder, and (ii) the Effective Date of the Fourth Amended Plan.

(iv) it states that there are no conditions precedent to the bidder's ability to enter into a definitive agreement and that all necessary internal and shareholder approvals have been obtained prior to the bid;

(iv) it includes a duly authorized and executed copy of the Form Asset Purchase Agreement, annexed hereto as **Exhibit 1** including the purchase price for the Real Property expressed in U.S. Dollars (the "Purchase Price") and which shall be for a minimum purchase price of $4,000,000.00 (the "**Minimum Overbid**"), together with all exhibits and schedules thereto, together with copies marked to show any amendments and modifications to the Form Asset Purchase Agreement ("Marked Agreement") and the proposed orders to approve the sale by the Bankruptcy Court;[3]

(v) it is accompanied by a good faith deposit in the form of a wire transfer or certified check payable to the order of Allerton's Counsel's Attorney Trust Account equal to ten percent (10%) of the Minimum Overbid (the "**Deposit**");

(vi) it is received prior to the Bid Deadline;

(vii) it states the Qualified Bidder is not relying upon any written or oral statements, representations, promises, warranties or guarantees of any kind whether expressed or implied, by operation of law or otherwise, made by any person or party including the Debtor and/or Allerton, and its respective agents and representatives regarding the Real Property, the Bid Procedures or any information provided in connection therewith;

---

[3] While bidders may suggest modifications to the Form Agreement, any such modifications deemed to increase the obligations or burdens upon the Debtor's estate (such as additional conditions) and will be factored into the Court's consideration of whether to accept such bid. Bidders should note that the Form Agreement provides, or shall provide, for rejection of any and all of the Debtor's executory contracts, except for tenant leases, at Confirmation. Except for tenant leases, the Debtor does not appear to be a party to any other executory contracts.

   (viii)   it acknowledges the bid does not request or entitle the Qualified Bidder to any break-up fee, termination fee, expense reimbursement or similar type of payment;

   (ix)   it states that the bid is not be conditioned on obtaining financing or any internal approval, on the outcome or review of due diligence, environmental, or any other contingencies not otherwise expressly contained in the Purchase Agreement;

   (x)   it states that the sale of the Real Property is subject to confirmation of the Fourth Amended Plan as proposed by Allerton; and

   (xi)   it states that Allerton's mortgage shall be satisfied in full, upon closing, unless otherwise agreed to in writing by Allerton. Nothing herein shall prevent a Bidder from submitting a bid to purchase Real Property subject to Allerton's mortgage, provided Allerton agrees to such treatment, in writing.

4.   **Bid Deadline.** The deadline for submitting bids shall be _____, 2014 at 12:00 p.m. (the "**Bid Deadline**"). Prior to the Bid Deadline, a bidder that desires to make an offer, solicitation or proposal (a "**Bid**") must deliver written copies of its Bid to (1) counsel for the Debtor: Wayne Greenwald P.C., Att: Wayne Greenwald, Esq., 475 Park Avenue S., 26th Floor, NYC, NY 10016 (Email: grimlawyers@aol.com) **AND** to (2) counsel for Allerton Fund II LLC: Ravin Greenberg, LLC, 101 Eisenhower Parkway, Roseland, New Jersey 07068 Attention: Chad B. Friedman, Esq., (email: cfriedman@ravingreenberg.com) (collectively the "**Notice Parties**").

5.   **The Auction Process.** If a Qualified Bid is received, an auction sale (the "**Auction**") will be conducted at _____, **on** _____, **2014 at ___:00 a.m.** Allerton's counsel shall confirm to all Qualified Bidders and to the Debtor the time and place of the Auction by _____**, 2014 at 4:00 p.m. (prevailing Eastern Time)** and notify such bidders of the material terms which Allerton believes is the highest, best and otherwise financially superior offer for the Real Property, as determined by Allerton (the "**Opening Bid**"). If, however, no Qualified Bid is received, then the Auction will not be held, and the Stalking Horse Offer shall be deemed to be the Successful Bid and, at the _____, 2014 Sale Hearing, the Allerton will seek approval of and authority to consummate the proposed sale pursuant to the Plan. The Auction shall run in accordance with the following procedures:

   (i).   <u>Participation at Auction</u>. Attendance at the Auction shall be limited to the Debtor and its representatives, representatives from Allerton Fund II LLC, and any Qualified Bidder, or its duly authorized representative, who has timely submitted a Qualified Bid (and the legal and financial advisers to each of the foregoing).

   (ii)   <u>No Collusion</u>. Each Qualified Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the proposed Sale.

(iii) at least one (1) Business Day prior to the Auction, each Qualified Bidder who has timely submitted a Qualified Bid must inform the Allerton's counsel whether it intends to attend the Auction; provided that in the event a Qualified Bidder elects not to attend the Auction, such Qualified Bidder's Qualified Bid shall nevertheless remain fully enforceable against such Qualified Bidder until the date of the selection of the Successful Bidder and Back-Up Bidder at the conclusion of the Auction. At least one (1) Business Day prior to the Auction, the Allerton's counsel will provide copies of the Qualified Bid or combination of Qualified Bids which Allerton believes, in its reasonable discretion, is the highest or otherwise best offer (the "**Starting Bid**") to the Debtor's counsel and all other Qualified Bidders;

(iv) all Qualified Bidders who have timely submitted Qualified Bids will be entitled to be present for all Subsequent Bids (as defined below) at the Auction and the actual identity of each Qualified Bidder will be disclosed on the record at the Auction; provided that all Qualified Bidders wishing to attend the Auction must have at least one individual representative with authority to bind such Qualified Bidder attending the Auction in person;

(v) bidding at the Auction will begin with highest Minimum Overbid received and will continue in bidding increments (each a "**Subsequent Bid**") of at least an additional $100,000.00 above the prior bid. After the first round of bidding and between each subsequent round of bidding, Allerton shall announce the bid (and the value of such bid) that it believes to be the highest or otherwise better offer (the "**Leading Bid**"). A round of bidding will conclude after each participating Qualified Bidder has had the opportunity to submit a Subsequent Bid with full knowledge of the Leading Bid. Except as specifically set forth herein, for the purpose of evaluating the value of the consideration provided by Subsequent Bids (including any Subsequent Bid by the Stalking Horse Credit Bidder), the Court shall give effect to any additional costs which may be imposed on the Debtor, including but not limited to the cost of broker fees and/or commissions.[4]

(vi) Counsel to Allerton shall direct and preside over the Auction. Other than as set forth herein, the parties may conduct the Auction in the manner it determines will result in the highest, best or otherwise financially superior offer for the Real Property.

(vii) Allerton Fund II LLC is hereby deemed a Qualified Bidder. Allerton Fund II LLC may further credit bid up to the full amount of its claim (as set forth in Allerton's Fourth Amended Plan and Disclosure Statement) which shall be deemed a Qualified Bid. Allerton Fund II LLC shall not be required to comply with the bid requirements set forth in paragraphs 3 or 4. Subject to 11 U.S.C.§363(f), Allerton Fund II LLC may credit bid in any amount and is not bound to the Minimum

---

[4] For the avoidance of any doubt, no broker fees and/or commissions shall be due or considered in connection with any Allerton bid.

4

      Overbid.  Allerton Fund II LLC shall be entitled to credit bid at the Auction.

6. **Selection of Successful Bid**. Prior to the conclusion of the Auction, Allerton will review and evaluate each Qualified Bid in accordance with the procedures set forth herein and determine which offer is the highest or best offer from among the Qualified Bidders (including the Stalking Horse Credit Bidder) submitted at Auction (one or more such bids, collectively the "**Successful Bid**" and the bidder(s) making such bid, collectively, the "**Successful Bidder**"), and communicate to and with the Debtor's counsel and the other Qualified Bidders the identity of the Successful Bidder and the details of the Successful Bid.

(i) The determination of the Successful Bid by Allerton at the conclusion of the Auction shall be final, subject only to approval by the Bankruptcy Court.

(ii) Within one (1) day after adjournment of the Auction, the Successful Bidder shall, to the extent necessary, augment its deposit by wire transfer or other immediately available funds such that its deposit continues to equal ten percent (10%) of the highest and best bid and complete and execute all agreements, contracts, instruments and other documents evidencing and containing the terms and conditions upon which the Successful Bid was made, unless the Successful Bidder is Allerton, in which case such requirement is waived;

(iii) Within one (1) day after adjournment of the Auction, Allerton shall file a notice identifying the Successful Bidder with the Bankruptcy Court;

(iv) A sale of the Real Property to the Successful Bidder will take place consistent with the Plan pursuant to the terms of the Successful Bid upon the approval of such Successful Bid by the Bankruptcy Court at the Sale Hearing;

(v) At the conclusion of the Auction, Allerton's counsel will also announce the second highest and best bid (the "**Back-Up Bidder**").  If, for any reason, the Successful Bidder fails to augment its deposit or consummate the purchase of the Real Property the Back-Up Bidder will be deemed to have submitted the highest and best bid.  If the Successful Bidder closes, the Back-Up Bidder's deposit (plus accrued interest, if any) shall be returned to the Back-Up Bidder. If the Successful Bidder fails to close, the Back-Up Bidder's deposit shall be treated in the manner described in sub-paragraphs (i) and (j) below.

(vi) **Subject to Court Approval.** The Debtor's estate will be deemed to have accepted a bid only when the bid has been approved by the Court at the Sale Hearing.  If the Successful Bidder or the Back-Up Bidder shall fail to consummate an approved Sale because of a breach or failure to perform on the part of such Successful Bidder (or Back-Up Bidder, as the case may be), the Debtor's estate shall be entitled to retain such Successful Bidder's (or Back-Up Bidder's, as the case may be) Deposit, in addition to other additional remedies available to the Debtor under applicable law. The Debtor shall credit the Good Faith Deposit of such Successful Bidder or

the Back-Up Bidder towards the purchase price.

7. **Escrow of Bid Deposits.** Within two (2) business days after entry of the Sale Order approving the sale of the Real Property, Deposits shall be returned to all bidders except the Successful Bidder and Back Up Bidder. The deposit of the Successful Bidder shall be applied to the purchase price at closing.

8. **Deposit Forfeit.** The Deposit will be forfeited as liquidated damages and the Successful Bidder, held liable for compensatory damages if the Successful Bidder fails to close by reason of its breach of the Purchase Agreement to be signed by the Successful Bidder, subject to the terms of the Purchase Agreement.

9. **Hearing.** The Bankruptcy Court shall conduct a hearing to confirm the Fourth Amended Plan proposed by Allerton, and to confirm the results of the Auction before the Honorable Robert Grossman, U.S.B.J., at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004, on _____, **2014, at ___:00 a.m. EST.** The Bankruptcy Court may consider confirmation of the Fourth Amended Plan proposed by Allerton and, confirm the results of the Auction at different times, as may be directed or determined by the Bankruptcy Court.

10. **Closing.** The closing of the sale must occur within fifteen (15) days of the Bankruptcy Court approving the Sale, unless agreed to in writing by Counsel to Allerton Fund II LLC, or as otherwise provided by Order of the Court.

11. **Objection Deadline to the proposed Sale of Real Property.** Any party that wishes to object to the proposed sale of Real Property pursuant to the Fourth Amended Plan proposed by Allerton, shall be required to file an objection on or before 12:00 p.m. **(prevailing Eastern Time) on _____[SAME AS CONFIRMATION]_____, 2014** (the "**Sale Objection**") on or before **12:00 p.m. (prevailing Eastern Time) on _____, 2014** (the "**Sale Objection Deadline**") and serve a copy of the Sale Objection, so as to be actually received by the Sale Objection Deadline, upon (i) counsel for the Debtor: Wayne Greenwald P.C., Att: Wayne Greenwald, Esq., 475 Park Avenue S., 26th Floor, NYC, NY 10016 (Email: grimlawyers@aol.com) (ii) the Office of the United States Trustee for the Southern District of New York, Att: Serene Nakano, Esq.; (iii) Counsel for Allerton Fund II LLC: Ravin Greenberg, LLC, 101 Eisenhower Parkway, Roseland, New Jersey 07068, Attention: Chad B. Friedman, Esq., (Email: cfriedman@ravingreenberg.com); and (iv) all parties filing an entry of appearance and request for notices pursuant to Fed. R. Bankr. P. 2002. Provided, however, that objections to the Auction or the selection of the highest bidder or otherwise best bid shall be made at the Sale Hearing.

The undersigned Bidder acknowledges that such Bidder has read and understands a copy of these Bidding Procedures.

_____
Name of Bidder (Print Clearly)


_____
Signature of Bidder


_____
Title of Bidder (for Bidder other than individual)